**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS**

THOMAS T. SIMMONS, JR.,

      Plaintiff,

v.                                       At Law No. 14-03322V-04

CITY OF NEWPORT NEWS, et al.

Defendants.

## DEFENDANT WILSON'S ANSWER AND GROUNDS OF DEFENSE

      COMES NOW, the defendant Brian Wilson, by counsel, in as and for his Answer and Grounds of Defense states as follows:

      1.      The allegations of paragraph 1 of the Complaint are admitted except to the extent that the plaintiff was operating his vehicle on Forrest Drive.

      2.      The allegations of paragraph 2 of the Complaint are admitted, on information and belief.

      3.      As to the allegations of paragraph 3 of the Complaint, they are admitted to the extent only that they allege that plaintiff was subjected to a traffic stop; that this defendant and Sargent Graham were present at the stop; and that this defendant and Sargent Graham are members of the Newport News Police Department Community Response Team. The remaining allegations of paragraph 3 are denied.

      4.      As to the allegations of paragraph 4 of the Complaint, they are admitted to the extent only that they allege that this defendant spoke to plaintiff through his window, that a K-9 Officer and trained dog arrived at the scene, and that the dog conducted a

sweep around plaintiff's vehicle. The remaining allegations of paragraph 4 of the Complaint are denied.

5. This defendant is not advised of the allegations contained in paragraph 5 of the Complaint and can neither admit nor deny the same, but calls for the strict proof thereof. To the extent the allegations of paragraph 5 are ever construed to allege unlawful conduct on the part of this defendant, they are denied.

6. As to the allegations of paragraph 6 of the Complaint, they are admitted to the extent only that they allege that plaintiff was handcuffed and that a search was conducted on plaintiff's vehicle. The remaining allegations of this paragraph are denied.

7. As to the allegations of paragraph 7 of the Complaint, they are admitted to the extent only that they allege that Sargent Graham was the ranking officer at the scene, that plaintiff and his passenger did not resist or disrespect this defendant, and that the search was conducted as a result of probable cause. The remaining allegations of this paragraph are denied.

8. The allegations of paragraph 8 of the Complaint are denied.

9. As to the allegations of paragraph 9 of the Complaint, they are admitted to the extent only that they allege plaintiff received a summons for obstructed view. The remaining allegations of this paragraph are denied.

10. The allegations of paragraph 10 of the Complaint are denied.

11. The allegations of paragraph 11 of the Complaint are denied.

12. The allegations of paragraph 12 of the Complaint are denied.

13. The allegations of paragraph 13 of the Complaint are denied.

14. While he is not advised as to the nature and extent of any injury, damage, and/or loss plaintiff alleges to have suffered, and can neither admit nor deny those allegations in the Complaint, this defendant denies any wrongful conduct on his part, and denies that any injury, damage and/or loss which may be proved to have occurred, if any, was the direct or proximate result of any wrongful act or omission on his part.

15. To the extent the foregoing has not addressed each allegation and paragraph of the Complaint requiring a response, each such unaddressed allegation and paragraph is denied.

16. This defendant avers that plaintiff has failed to state a cause of action upon which relief may be granted against this defendant.

17. He denies that he is indebted to the plaintiff in any sum, for any reason.

18. He denies that he owed the duties to plaintiff alleged in the Complaint.

19. He denies that, even if he owed any duties to plaintiff as alleged in the Complaint, that he breached any such duties.

20. He avers that all of his acts and/or omissions were made, taken or omitted in the good faith and objectively reasonable belief in the legality, propriety and validity of such actions and/or omissions, and that there existed probable cause therefore, and as a result, he is entitled to absolute and/or qualified immunity from suit brought by, and damages claimed by plaintiff.

21. He avers that this actions and/or omissions are protected by sovereign or governmental official immunity, and as a result, he is entitled to immunity from suit brought by, and damages claimed by plaintiff.

3

22. He avers that plaintiff's claims are barred by his own intentional misconduct, voluntary participation in criminal activity which is the proximate cause of the injuries and damages of which plaintiff complains. This defendant further avers that plaintiff's violation of traffic statutes afforded probable cause for the traffic stop and alert of a trained K-9 unit to the odor of contraband afforded probable cause for the search of plaintiff's vehicle, and that contraband was located within the plaintiff's vehicle.

23. He will rely upon any and all defenses which may be justified by the evidence developed during discovery or at trial, and reserves the right to amend this Answer if necessary.

BRIAN WILSON

By_____
Of Counsel

Alan B. Rashkind, Esquire
Va. State Bar No. 12658
James A. Cales III, Esquire
Va. State Bar No. 41317
Furniss, Davis, Rashkind and Saunders, P.C.
6160 Kempsville Circle, Suite 341B
Post Office Box 12525
Norfolk, Virginia 23541
Telephone No. (757) 461-7100
Facsimile No. (757) 461-0083

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2014, a true copy of the foregoing pleading was mailed to plaintiff and counsel of record.

_____

4